# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FELICITA VALDEZ and SADIE MOYA,
on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.                                                      Civ. No. 00-121 JC/WWD

WACKENHUT CORRECTIONS
CORPORATION, a Foreign Corporation;
JOSEPH WILLIAMS, ERASMO BRAVO;
CORRECTIONS CORPORATION OF
AMERICA, a Foreign Corporation; WILLIAM
SNODGRASS; DONALD DORSEY; THOMAS
NEWTON; CORNELL CORRECTIONS OF
TEXAS, Inc., a Foreign Corporation; LAWRENCE
BARRERAS; CORRECTIONAL SERVICES
CORPORATION; a Foreign Corporation;
ROBERT BASS, EVERCOM SYSTEMS, INC.,
a Foreign Corporation; PCS AMERICA, INC.,
a Foreign Corporation; AND JOHN DOES I-X,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' Motion for Reconsideration of Order Permitting Joinder of Pro Se Inmate Plaintiff, filed February 23, 2001 *(Doc. No.60)* and Defendants' Motion to Require Service of Pleadings, filed February 20, 2001 *(Doc. No. 58)*.

**I.   Motion for Reconsideration**

On February 9, 2001 *(Doc. Nos. 56 & 57)* this Court permitted Pro Se Plaintiff Curtis Lee Watson, a Plaintiff in Case No. CIV 00-054 JP/LCS to join in the originally proposed class of plaintiffs in this case. *See* Motion to Join, filed January 23, 2001 *(Doc. No. 55)*. Upon further review

of this case, it is clear that Mr. Watson is not a proper party. The proposed class of Plaintiffs in this case consists of recipients of collect telephone calls from inmates at facilities owned or operated by defendants. Mr. Watson is an inmate in the custody of the District of Columbia, incarcerated at the Corrections Corporation of America's Torrence County Facility in New Mexico. The rights and interests of inmates are certainly different from those of the recipients of their telephone calls.

Nevertheless, similar cases have addressed the claims of inmates and recipients of calls within the same cause of action.

However, in this instance, the Court finds that the case is too advanced to permit intervention at this time. Therefore, the Court will reverse its order allowing Mr. Watson to join as a plaintiff in this case.

## II.   Motion to Require Service of Pleadings

Defendants' Motion alleges that Mr. Watson has failed to serve any of his pleadings, (including his Motion to Join, filed January 23, 2001 *(Doc. No. 55)*), upon any other parties to this case. Defendants ask that Mr. Watson be directed to comply with Fed. R. Civ. P. 5 by serving all parties with copies of all motions filed.

The Court finds that Defendants' motion, while well taken, is moot, as Mr. Watson is no longer a party to this case. Notwithstanding the Court's disposition of this motion, Mr. Watson is directed to comply with the Federal Rules of Civil Procedure in all future litigation.

WHEREFORE,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration of Order Permitting Joinder of Pro Se Inmate Plaintiff, filed February 23, 2001 *(Doc. No. 60)* is hereby **granted**.

IT IS ORDERED that the Court's Amended Order, filed February 9, 2001 *(Doc. No. 57)* permitting joinder is hereby **withdrawn**.

IT IS ORDERED that Plaintiff Watson's Motion to Join, filed January 23, 2001*(Doc. No. 55)* is hereby **denied**.

IT IS FURTHER ORDERED that Defendants' Motion to Require Service of Pleadings, filed February 20, 2001*(Doc. No. 58)* is **moot**.

DATED June 1, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE